ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GOODY'S FAMILY CLOTHING, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL ACTION FILE |
| ) | NUMBER: 1:03-CV-0668-GET |
| CENTRAL SPRINKLER COMPANY ) | |
| a/k/a TYCO FIRE PRODUCTS, LP and ) | |
| LIFE SAFETY, INC. ) | |
| ) | |
| Defendants ) | |

## JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN

**1.   DESCRIPTION OF CASE:**

   **(a)   Describe briefly the nature of this action:**

This is a products liability action alleging that sprinkler heads manufactured by Defendant Central Sprinkler and installed by Defendant Life Safety discharged without the presence of a fire, and caused damage to Plaintiff's property and merchandize.

   **(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:**

Plaintiff owns Goody's retail stores. The stores had sprinkler heads in them that were manufactured by Central Sprinkler and installed by Life Safety. On four separate occasions, in Plaintiff's stores in Princeton, West Virginia and

Oglethorpe, Georgia, sprinkler heads prematurely, without cause or provocation, activated and discharged water in the stores causing damage to Plaintiff's property, inventory and merchandise.

Defendants have not fully investigated the alleged discharge incidents, but Defendants deny that they are responsible for any losses suffered by Plaintiff.

**(c)   The legal issues to be tried are as follows:**

(1)   Whether Plaintiff has properly protected and maintained the evidence in this case, or whether Plaintiff should be sanctioned for spoliation of the evidence.

(2)   Whether the sprinkler heads designed and manufactured by Central Sprinkler were defective.

(3)   Whether the performance of the sprinkler heads manufactured by Central Sprinkler complied with Central's written warranty.

(4)   Whether Central Sprinkler was negligent in the design and manufacture of the sprinkler heads.

(5)   Whether the discharge of the sprinkler heads was the result of the improper care and maintenance of the sprinkler system by Plaintiff.

(6)   Whether the discharge of the sprinkler heads was the result of the improper installation by defendant Life Safety.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** None

**(2) Previously Adjudicated Related Cases:** None

**2. This case is complex because it possesses one or more of the features listed below (please check):**

| | | |
|---|---|---|
| ______ | (1) | Unusually large number of parties |
| ______ | (2) | Unusually large number of claims or defenses |
| ______ | (3) | Factual issues are exceptionally complex |
| ______ | (4) | Greater than normal volume of evidence |
| ______ | (5) | Extended discovery period is needed |
| ______ | (6) | Problems locating or preserving evidence |
| ______ | (7) | Pending parallel investigations or action by the government |
| __X_ | (8) | Multiple use of experts |
| ______ | (9) | Need for discovery outside of the United States boundaries |
| __X_ | (10) | Existence of highly technical issues and proof |

**3. COUNSEL:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Samuel S. Woodhouse
Cozen O'Connor
Suntrust Plaza, Suite 2200
303 Peachtree Street, N.E.
Atlanta, GA 30308
404-572-2000

**Defendant:**

<u>For Central Sprinkler</u>
Timothy H. Kratz
Jefferson M. Allen
McGuireWoods LLP
1170 Peachtree Street
Suite 2100
Atlanta, GA 30309
404-443-5500

For Life Safety, Inc.

Although the time for Life Safety has expired, this defendant has failed to file an answer to the complaint.

**4.   JURISDICTION:**

**Is there any question regarding this Court's jurisdiction?**

_____ Yes          __X__ No

**5.   PARTIES:**

(a.)   **The following persons are necessary parties who have not been joined:**

None known at this time.

(b.)   **The following persons are improperly joined as parties:**

None.

(c.)   **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The correct name of the first named defendant is Central Sprinkler Company. The entity is not known as Tyco Fire Products, LP

(d.)   **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

4

6. **AMENDMENTS TO THE PLEADINGS:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

- (a.) List separately any amendments to the pleadings which the parties anticipate will be necessary:

  No amendments are anticipated at this time.

- (b.) Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary statement is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.

7. **TIME FOR FILING MOTIONS:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the preliminary statement is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. LR 7.1A(2).

- (a.) <u>Motions to Compel</u>: before the close of discovery or within the extension period allowed in some instances. LR 37.1.

- (b.) <u>Summary Judgment Motions</u>: within 20 days after the close of discovery, unless otherwise permitted by Court order. LR 56.1.

- (c.) <u>Other Limited Motions</u>: Refer to LR 7.2A, 7.2B, 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

- (d.) <u>Motions Objecting to Expert Testimony</u>: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to local rule 7.2F.

5

## 8. INITIAL DISCLOSURES:

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties have no objection to the Rule 26 initial disclosures.

## 9. REQUEST FOR SCHEDULING CONFERENCE:

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

No scheduling conference is requested.

## 10. DISCOVERY PERIOD:

**The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a.) 0-months discovery period, (b.) 4-months discovery period, and (c.) 8-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

- The design and manufacture of the sprinkler heads

- The installation of the sprinkler heads

- Plaintiff's care and maintenance of the sprinkler heads

- Plaintiff's expert witness report and conclusions

6

- Defendants' expert witness report and conclusions

- Plaintiff's damages claims

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

The parties do not currently anticipate the need to request additional time,

but may move the Court for such an extension if the need arises.

## 11. DISCOVERY LIMITATION:

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of the Court, and what other limitations should be imposed.**

None are proposed at this time.

## 12. OTHER ORDERS:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Defendant Central Sprinkler anticipates the potential need for a

confidentiality agreement/protective order to protect trade secret material,

depending upon the specific documents requested by Plaintiff in discovery.

## 13. SETTLEMENT POTENTIAL:

**(a.)   Lead counsel for the parties certify by their signature below that they met in person at an early planning conference that was held April 24, 2003, and that they participated in settlement discussions, as required by LR 16.1. Other persons who participated in the settlement discussion are listed according to party.**

7

For Plaintiff: Lead Counsel Signature: _Samuel S. Woodhouse/JtA_

For Defendant: Lead Counsel Signature: _Timothy H. Kratz /JtA_

**Other Participants:**

(b.) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( _____ ) A possibility of settlement before discovery.
( __X__ ) A possibility of settlement after discovery.
( _____ ) A possibility of settlement, but a conference with the judge is needed.
( _____ ) No possibility of settlement.

(c.) Counsel (X) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not yet been set.

(b.) The following specific problems have created a hindrance to settlement of this case.

14. **TRIAL BY MAGISTRATE JUDGE:**

The parties (___) do or ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Completed form submitted this 30th day of April, 2003.

Attorneys for Plaintiff

_Samuel S. Woodhouse/JtA_
Samuel S. Woodhouse
Ga. Bar No. 070755

8

Cozen O'Connor
Suntrust Plaza, Suite 2200
303 Peachtree Street, N.E.
Atlanta, GA 30308

        Attorneys for Central Sprinkler

        */s/ Timothy H. Kratz*
        Timothy H. Kratz
        Ga. Bar No. 429297
        Jefferson Allen
        Ga. Bar No. 010898

McGuireWoods LLP
1170 Peachtree Street
Suite 2100
Atlanta, Georgia 30309
404-443-5500

        Attorney for Life Safety, Inc.

9

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Planning Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

**IT IS SO ORDERED**, this _____ day of _____, 2003.

_____
G. ERNEST TIDWELL
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

\\COM\194656.1

10